CIRO HERNANDEZ, ESQ SB#174791
551 Third Avenue
Chula Vista, CA 91910
Telephone:    (619) 266-0389
Fax:              (619) 501-2493

Attorney for Material Witness

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Case 08CR1560-JAH |
| Plaintiff ) | |
| v. ) | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF, MOTION FOR VIDEOTAPE DEPOSITIONS AND RELEASE OF MATERIAL WITNESS |
| Christian Paul RODARTE ) | |
| Defendant ) | Hearing Date:  June 26, 2008<br>Time:              9:30 a..m.<br>Court:             F<br>Judge:    Hon. Nita L. Strormes |

Material Witnesses, CGP. (minor)  respectfully submit the following Memorandum of Points and Authorities in Support of their  Motion for Videotape Depositions and Release of Material Witnesses.

**STATEMENT OF FACTS**

CGP (minor) was taken into custody on April 17, 2008.  He was a passengers in a vehicle driven by the defendant, which contained seven other undocumented aliens. On May 14, 2008, the defendant was indicted on five counts of violation of Title 8, United States Code, Section 1324 (a) (2) (B) (ii), five counts of violation of Title 8, United States Code, Section 1324 (a) (1)

08CR1560-JAH

1  (A) (ii), and two counts of Title 8, United States Cod, Section 1324 (a) (1) (A) (ii) and (a) (1) (B)
2  (iv) .
3      As of the date of this motion, the material witness has no prospects of obtaining a surety.
4  No potential sureties were contacted on behalf of material witness CGP (minor).
5      He has no friends  relatives who could qualify as a surety on his behalf.  In Mexico, CGP
6  (minor) helps support his mother.  The material witness was coming to the United States to find
7  work in order to provide that support.   Requiring the material witness to remain in custody
8  during the pendency of the case constitutes a severe economic and emotional hardship for him,
9  and even more severely, for his family who is receiving less support during the time he is
10 incarcerated.
11     .

## POINTS AND AUTHORITIES

### DEPOSITION IS APPROPRIATE IN THESE CIRCUMSTANCES

14     In <u>Torres-Ruiz v. United States, 120 F.3d. 933,</u> (9th cir. 1997), the Ninth Circuit <u>mandated</u>
15 the use of videotape depositions when the material witness testimony can be adequately secured
16 by deposition and further detention is not necessary to prevent the failure of justice.  (emphasis
17 added; see 18 U.S.C. § 3144) In <u>Torres-Ruiz</u>, the witnesses were the sole support of their
18 families in Mexico, and their continued incarceration constituted a hardship on thier families in
19 Mexico.  The <u>Torres-Ruiz</u> Court clarified that denial of a motion to videotape the witness'
20 testimony is limited to situations in which a "failure of justice" would occur because the
21 deposition would not serve as an adequate substitute for the witness' live testimony.
22     As of the date of this hearing, the MATERIAL WITNESS has been in custody over one
23 month, and continued incarceration constitutes an economic hardship for him and his family.  It
24 is not necessary to continue to detain him because no failure to justice would occur by
25 videotaping his testimony.  His testimony can be adequately secured by granting this Motion, and
26 there has been no showing that the deposition testimony would be different from the live
27
28                                08CR1560-JAH

1  testimony, and he is subject to the subpoena power of this Court.  Therefore, it is requested the
2  Court grant this Motion and order the videotape deposition of the MATERIAL WITNESS
3  forthwith, to occur within 10 days of granting this Motion.  The Material WITNESS also request
4  the Court order their  immediate release upon conclusion of this deposition.

6  DATED:  June 5, 2008                    /S/ Ciro Hernandez
                                            CIRO HERNANDEZ
7                                            Attorney for Material Witnesses

28                              08CR1560-JAH