ALEX L LANDON
ATTORNEY AT LAW
California State Bar No. 50957
2442 Fourth Ave.
San Diego, California 92101
Telephone: (619) 232-6022

MARK F. ADAMS
Attorney at Law
California State Bar No. 97377
964 Fifth Avenue, Suite 335
San Diego, California 92101
Telephone: (619) 239-4344
Facsimile: (619) 544-1429
Email: markadamsesq@yahoo.com

Attorneys for Defendant
Christian Paul Rodarte

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTIAN PAUL RODARTE, <br><br> Defendant. | Case No. 08CR1560-JAH <br><br> REPLY AND OPPOSITION TO MOTION FOR VIDEOTAPE DEPOSITION AND RELEASE OF MATERIAL WITNESS <br><br> Date: July 1, 2008 <br> Time: 9:30 a.m. <br> Place: Magistrate Judge Stormes |

I.

**STATEMENT OF FACTS**

On June 6, 2009, the attorney for material witness CGP[1] filed a motion to compel a videotape deposition and release of the witness because of an inability to obtain the witness' release from custody on bond. Counsel for the material witness asserts that the continued

---

[1] The witness will be referred to only by his initials because, at present, he is thought to be a minor, age 17.

detention of the material witness would cause a financial hardship for his family. There is no declaration from the material witness setting forth any hardship to his remaining within the United States as a witness pending the resolution of the above-captioned criminal case. Indeed, there is no evidence at all in support of the witnesses motion.

Defense counsel has not yet attempted to meet and interview any of the five material witnesses up to the date of the filing of this reply because we do not have complete discovery, have not yet conducted enough meaningful defense investigation, and have not yet formulated a theory of the defense complete and sufficient enough to conduct a meaningful interview of the witnesses.

Information provided in the factual statement in support of the complaint indicates that of the five identified material witnesses, only one, CGP, is unable to post a bond[2]. All of the witnesses are citizens of Mexico, apparently, illegally in the United States. The motion only concerns witness CGP. There is no information at all in the record as to the reasons for the witness' illegal entry into the United States nor the potential hardships caused by his continued detention as a material witness. There is no information in the record concerning the number of prior entries or attempted illegal entries on the part of witness CGP. Nor is there any information concerning the background and/or criminal history of the witness CGP.

II.

**THE MOTION FOR MATERIAL WITNESS DEPOSITION SHOULD BE DENIED BECAUSE SUCH DEPOSITIONS WOULD VIOLATE THE ACCUSED'S SIXTH AMENDMENT RIGHT TO CONFRONTATION, THE MOTION IS INAPPROPRIATELY PREMATURE, AND THERE HAS BEEN NO SHOWING OF WITNESS UNAVAILABILITY**

Title 18, United States Code § 3144 governs the detention of individuals who may give testimony material to a criminal proceeding. This section provides that where the witness is not able to meet the conditions of the bond set by the court and is detained, the court <u>may</u> order the deposition of the witness where (1) deposition may secure the testimony of the witness and (2) further detention is not necessary to prevent a failure of justice. 18 U.S.C. § 3144. In this case, the material witness has moved for a videotape deposition pursuant to 18 U.S.C. § 3144. Although

---

[2] The defense is informed and believes that there may be a recently identified surety who will soon post a bond for the release of CGP pending the disposition of this case. In that event, counsel would anticipate that the motion for deposition would be taken off calendar as moot.

depositions might secure his testimony, this Court should order the witness' continued detention[3] in order to protect the rights of the accused, or in the alternative, modify the conditions of release so that the material witness can remain in the United States, at liberty and on bond, until this case is resolved. The failure of this Court to so order would result in a failure of justice on several fronts.

**A.     The Deposition of Material Witness Would Violate the Confrontation Clause of the Sixth Amendment.**

Depositions in criminal cases are generally disfavored for several reasons, including the threat they pose to the defendant's Sixth Amendment confrontation rights. United States v. Drougal, 1 F.3d 1546, 1551-52 (11th Cir. 1993). Criminal depositions are authorized only when doing so is "necessary to achieve justice and may be done consistent with the defendant's constitutional rights." Id. at 1551. See Fed. R. Crim. P. 15(a).

The Supreme Court's decision in Crawford v. Washington, 541 U.S. 36 (2004), reaffirmed the principle — developed at common law, and incorporated into the Confrontation Clause of the Sixth Amendment by the Framers — that testimonial statements may not be admitted against a defendant where the defendant has not had the opportunity to cross-examine the declarant. This is true even where the statements fall within a "firmly rooted hearsay exception" or bear "particularized guarantees of trustworthiness." Id. at 60. In Crawford, the Court noted that the Sixth Amendment was drafted in order to protect against the "civil-law mode of criminal procedure" and "its use of *ex parte* examinations as evidence against the accused." Id. at 50. Such *ex parte* examinations implicate Sixth Amendment concerns because they are "testimonial" in nature. The "text of the Confrontation Clause reflects this focus" and applies to "witnesses against the accused - in other words, those who bear testimony." Id. at 51 (internal quotations omitted). Although the Court declined to define "testimonial" evidence, they noted that an "accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." Id. The Confrontation Clause does not permit such testimonial statements to be admitted at trial against an accused without the

---

[3] The defense is presently informed and believes that the witness, CGP, a minor, is housed at Casa San Juan, a Catholic charity which, although a locked facility, allows considerable freedom compared to the jail and other contract facilities where adult material witnesses are housed.

"constitutionally prescribed method of determining reliability," *i.e.*, confrontation. Id. at 62. In other words, "[w]here testimonial evidence is at issue . . . the Sixth Amendment demands . . . unavailability [of the declarant] and a prior opportunity for cross-examination." Id. at 68.

Despite Crawford's broad prohibition of testimonial statements at trial where the defendant has no opportunity to confront the witness, there are some situations in which depositions may be taken nonetheless. In these situations, the burden is on the moving party to establish exceptional circumstances justifying the taking of depositions. Drougal, 1 F.3d 1546 at 1552 (citing United States v. Fuentes-Galindo, 929 F.2d 1507, 1510 (10th Cir. 1991)). The trial court's discretion is generally guided by consideration of certain "critical factors," such as whether (1) the witness is unavailable to testify at trial; (2) injustice will result because testimony material to the movant's case will be absent; and (3) countervailing factors render taking the deposition unjust to the nonmoving party. Id. at 1552.

Here, because the material witness has not shown that any exceptional circumstances exist, his motion for videotape deposition should be denied. The conclusionary statement that "In Mexico, CGP (minor) helps support his mother" and requiring the witness to remain in custody during the case "constitutes a severe economic and emotional hardship for him, and even more severely, for his family who is receiving less support during the time he is incarcerated", simply does not ring true and is irrelevant. *See*, Points and Authorities, page 2, attached to the motion. In any event, there is no competent evidence in the record of these allegations.

In this case it appears that the witness, CGP, attempted to illegally enter the United States to seek employment. When considering the issue, this Court must balance the interests of the Government and the accused, as well as the interests of the material witness. Although the material witnesses may have a liberty interest at stake, that interest is outweighed by Mr.Rodarte's constitutional rights of confrontation and to due process of law.[4]

---

[4] Moreover, to the extent that the material witness would provide testimony favorable to Mr. Rodarte (which is unknown at this point, since Mr. Rodarte has not yet interviewed any of the five material witnesses), his release and removal to Mexico would violate Mr. Rodarte's Sixth Amendment right to compulsory process.

1    The Confrontation Clause serves several purposes: "(1) ensuring that witnesses will testify under oath; (2) forcing witnesses to undergo cross-examination; and (3) permitting the jury to observe the demeanor of witnesses." United States v. Sines, 761 F.2d 1434, 1441 (9th Cir. 1985). It allows the accused to test the recollection and the conscience of a witness through cross-examination, and allows the jury to observe the process of cross-examination and make an assessment of the witness' credibility. Maryland v. Craig, 497 U.S. 836, 851 (1990); Ohio v. Roberts, 448 U.S. 56, 63-64 (1980), overruled on other grounds by Crawford  In a case such as the one at bar, where the material witness has received the benefit of the Government refraining from pressing criminal charges in return for his testimony against the accused,[5] it is important that the jury see the reaction and demeanor of the material witness when confronted with questions that will bring out such facts in order for the jury to decide whether to believe his statements and/or how much credit to give to his testimony. The jury's ability to make such an assessment would be compromised by a videotaped deposition because the tape will not preserve subtle reactions of the witness under cross-examination that may favor the accused.

Moreover, the decision to grant video depositions is governed by Federal Rule of Criminal Procedure 15(a), which states that a material witness's deposition may be taken only upon a showing of "exceptional circumstances." United States v. Omene, 143 F.3d 1167, 1170 (9th Cir. 1998). The material witness here argues that his continued incarceration constitutes an economic hardship for his family, and that this naked allegation is sufficient to satisfy his burden of proof under Rule 15(a). See Torres-Ruiz v. United States District Court, 120 F.3d 933, 935-36 (9th Cir. 1997). This alleged proffer, however, is patently insufficient to establish extraordinary circumstances for several reasons.

---

[5] This Court should be mindful of the fact that the only reason the Government has not charged the material witness with a crime yet is that the Government seeks to introduce his testimony against the accused. The material witness could have been charged with illegal entry under 8 U.S.C. § 1325, which carries a maximum sentence of six (6) months imprisonment, depending upon the number of provable prior illegal entries into this country. Needless to say, the Government would not concern itself with the material witness' liberty interest had they, in fact, charged him with an offense. Indeed, unless counsel for this material witness has a written agreement from the government to the contrary, notwithstanding some quaint tradition in this district, nothing will prevent the later prosecution and imprisonment of this witness.

To begin, almost any period of incarceration, by definition, will result in some sort of hardship to that individual and his family. Hardship alone cannot constitute extraordinary circumstances. Rather, the Court in <u>Torres-Ruiz</u> made clear that extraordinary circumstances require something more: "tremendous hardship." 120 F.3d at 936. In <u>Torres-Ruiz</u>, the material witnesses were both "the <u>sole</u> support for their respective families in Mexico." <u>Id.</u> at 935 (emphasis added). In this case, however, the material witness has not submitted a declaration establishing any hardship. Instead, in a general, seemingly boilerplate statement in the points and authorities authored by material witness counsel, it is simply alleged that for the witness to remain in custody "constitutes a severy economic and emotional hardship for him, and even more severely, for his family who is receiving less support during the time he is incarcerated". There are no allegations that the material witness was the sole provider for his family or the sole caretaker of any family members. Obviously, the material witness in this case — no less than Mr. Rodarte — would want to be free to be at home with his family, but absent more tremendous hardship facts, indeed, any competent facts establishing hardship, mere inability of this juvenile witness to help support his mother is simply not sufficient to establish extraordinary circumstances warranting a deposition followed by the manufactured unavailability of the witness.

Furthermore, this Court should consider the unique circumstances distinguishing the Ninth Circuit's decision in <u>Torres-Ruiz</u>. Unlike this case, in <u>Torres-Ruiz</u> the material witnesses' motion for videotape deposition was unopposed by the defendant. <u>Id.</u> at 934-35. Perhaps more importantly, in <u>Torres-Ruiz</u> the defendant entered a guilty plea less than two weeks after the motion for deposition was made, indicating that the case was already near disposition when the motion was made. <u>Id.</u> at 936-37. This case, however, stands in a much different procedural posture.

**B.     The Motion to Depose Material Witnesses Is Premature Because Mr. Rodarte Has Not Had Sufficient Time to Formulate a Theory of the Case, And the Witness Will Be Necessary Not Just for the Trial, But May Also be a Witness for Pretrial Evidentiary Hearings.**

Mr. Rodarte has pled not guilty to all counts of the Indictment. Substantive motions have yet to be filed in this case — in fact, this motion is to be heard some three weeks before even the first motion hearing date. Defense counsel has not yet had an opportunity to interview any of

the material witnesses, nor has the investigation been completed in this case.  To require Mr. Rodarte to cross-examine the material witness at the current juncture of the proceedings would severely prejudice his future trial rights.  Mr. Rodarte has been unable to discuss, much less formulate, a theory of the defense at this point.  Without such formulation, any cross-examination of the material witness at this point would be at best meaningless, and at worst ineffective and potentially harmful to Mr. Rodarte and his defense.

The motion's prematurity is also evident because the material witness will likely be a necessary witness for pretrial evidentiary hearings, not just the trial.  Although he has moved for a deposition to preserve his testimony for trial, and further requests release, the material witness may be a necessary defense witnesses for pretrial motions.  Because the material witness is a percipient witness — and, more importantly, non-government personnel witness — to the presumably illegal entry into the United States and the attendant circumstances, his testimony is integral to the fair adjudication of Mr. Rodarte's case[6].

By its express language, Federal Rule of Criminal Procedure 15(a) provides that "[a] party may move that a prospective witness be deposed in order to preserve testimony <u>for trial</u>."  (Emphasis added).  Title 18 U.S.C. § 3144 further provides that "[r]elease of a material witness may be delayed for a reasonable period of time <u>until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure</u>."  (Emphasis added).  Put another way, these rules confer no right to move for a deposition where the material witness is relevant for a pretrial evidentiary hearing.  Rather, these rules authorize the detention of a material witness, and more importantly, they preclude the <u>release</u> of the material witness at least until after any pretrial evidentiary hearings are concluded.

Because it is possible that the testimony of the material witness will support one or more of Mr. Rodarte's pretrial motions and may conflict with the testimony of the government's witnesses, credibility determinations and a fully-developed factual record will accordingly be key to the district judge's ruling on possible substantive motions.  For example, the district judge may

---

[6] This is true because of the nature of the charges filed including the allegations of bringing in for financial gain and aiding and abetting.

have further questions of the material witness that the parties fail to ask at the deposition. The judge will be able to ask the Customs and Border Protection agents these questions because they are present at the evidentiary hearing, but he will <u>not</u> be able to ask those questions of the material witness, who may be a defense witness. As a result, the record will be skewed — unfairly — in favor of the Government. In other words, there is no assurance that the deposition will be sufficient to secure all of the necessary testimony by the material witness. Because substantive motions may well be dispositive of the case, a fully developed record — one that would allow the district court to examine the witness and view his demeanor — is necessary to guarantee Mr. Rodarte's right to due process. In short, the motion for a deposition and release of the material witness is premature and should — at the very least — be decided <u>after</u> there has been an evidentiary hearing on the motions in this matter.[7]

### C. The Motion for Deposition Should Be Dismissed Because There Has Been No Showing of the Unavailability of the Witnesses.

Finally, if the Court determines that the detention of the material witness must be reviewed at this point, the Court can easily resolve the issue by modifying the conditions of release for the material witness so that his continued detention would be unnecessary. Conditions of release for material witnesses are governed by 18 U.S.C. § 3142. Under this section, "[t]he judicial officer <u>shall</u> order the pretrial release of the person on personal recognizance, or upon execution of an unsecured personal appearance bond . . .unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required . . . ." 18 U.S.C. § 3142(b) (2004) (emphasis added). Clearly, § 3142(b) suggests that this Court can order that the material witness be released on his own recognizance. The material witness has no incentive not to come back to court to testify. He is likely not going to be charged with a crime. The material

---

[7] If this Court orders the material witness released, he will be removed from the United States and would thus be outside of the subpoena power of the district court. This Court should not interfere with the district judge's Article III powers by ordering the release of a witness who is necessary for the adjudication of pretrial motions. Indeed, because this Court is empowered by Congress not by Article III of the Constitution, such a holding would run afoul of the separation of powers doctrine.

witness has no incentive to flee the country. Indeed, if the statement of facts in support of the complaint in this case is to be believed, this material witness was prepared to pay money to be smuggled illegally into the United States. Therefore, he obviously wants to remain in this country, fully within the subpoena power of the Court.

Moreover, the Bail Reform Act states that "[t]he judicial officer may not impose a financial condition that results in the pretrial detention of the person." 18 U.S.C. § 3142(c)(2) (2004). This mandate, combined with the preference for release upon one's own recognizance, strongly suggests that the proper remedy for the material witness in this case is a motion to modify the terms of his release, not for the draconian remedy of immediately ordering a videotape deposition and removing him to Mexico, especially not at this very early stage of the proceedings.

Because the deposition of material witnesses would violate Mr. Rodarte's Sixth Amendment right to confrontation, would be inappropriately premature and would fail to meet underlying procedural requirements — including the unavailability of witnesses — the motion of the material witness should be denied.

### III.
### CONCLUSION

For the foregoing reasons, Mr. Rodarte respectfully requests that this Court deny the motion for videotape depositions and voluntary deportation or other release of the material witness CGP.

Respectfully submitted,

Dated: June 20, 2008         /s/ Alex L. Landon
                             ALEX L. LANDON


Dated: June 20, 2008         /s/ Mark F. Adams
                             MARK F. ADAMS
                             Attorneys for Christian Rodarte

**PROOF OF SERVICE**

I, Mark F. Adams, do hereby state:

I am a citizen of the United States and a resident of the County of San Diego, State of California. I am over the age of eighteen years, and am not a party to the within action. My business address is 964 Fifth Avenue, Ste. 335, San Diego, California 92101.

On this 20th day of June 2008, I served the within **REPLY AND OPPOSITION TO MOTION FOR VIDEOTAPE DEPOSITION AND RELEASE OF MATERIAL WITNESS AND DECLARATION OF COUNSEL IN OPPOSITION** filed therewith in Case No. 08CR1560-JAH electronically through the CM/ECF system for the Southern District of California on the United States Attorney's Office, specifically AUSA Nicole Jones, a registered user of the CM/ECF system.

Additional parties served through the CM/ECF system are:

Ciro Hernandez, Attorney for the Material Witnesses;

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED this day, June 20, 2008, at San Diego, California.

/S/ Mark F. Adams_____
MARK F. ADAMS