ALEX L LANDON
ATTORNEY AT LAW
California State Bar No. 50957
2442 Fourth Ave.
San Diego, California 92101
Telephone: (619) 232-6022

MARK F. ADAMS
Attorney at Law
California State Bar No. 097377
964 Fifth Avenue, Ste. 335
San Diego, CA  92101
Telephone: (619) 239-4344
Facsimile: (619) 544-1429

Attorneys for Defendant
Christian Paul Rodarte

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR1560-JAH |
| Plaintiff, | ) ) | DECLARATION OF COUNSEL IN OPPOSITION TO MATERIAL |
| v. | ) ) ) | WITNESS DEPOSITION AND/OR RELEASE OF WITNESS PRIOR TO |
| CHRISTIAN PAUL RODARTE, | ) ) | TRIAL |
| Defendant. | ) ) | |
| _____ | ) | |

I, Mark F. Adams, after having been duly sworn, depose and state:

I am an attorney at law duly licensed to practice before all of the courts of the State of California, the United States District Court for the Southern District of California, the United States Court of Appeals for the Ninth Circuit, and the Supreme Court of the United States.  I am one of two counsel appointed by the court pursuant to Title 18 United States Code, § 3599 to represent Christian Rodarte in the above-captioned, death penalty eligible, criminal case.

Defendant, Christian Rodarte, is charged in a twelve count criminal indictment with five counts carrying a mandatory minimum sentences of five years on charges of Bringing in Illegal Aliens for Financial Gain in violation of 8 U.S.C. § 1324(a)(B)(ii).  Five

counts allege Transportation of Illegal Aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and two counts carry the potential for the death penalty or life in prison as a result of the allegation of Transportation of Illegal Aliens Resulting in Death in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and § 1324(a)(1)(B)(iv).

On June 17, 2008, Mr. Rodarte was arraigned and pled not guilty to each of these charges. A motion hearing and trial setting date before the district court is presently scheduled for July 21, 2008. The Attorney General of the United States has not yet decided that this will not be a case where the United States will seek the death penalty.

Despite the fact that no formal motion for discovery has been heard by the Court, the government has released 200 pages of written discovery reports, video interviews of the witnesses in the Spanish language, and two discs of photographs. We have not yet received transcriptions and translations of the video interviews, including the interview of witness CGP counsel now proposes we depose and release[1]. No defense investigation concerning the background of the witnesses CGP yet been undertaken.

We cannot effectively assist Mr. Rodarte without a clear understanding of the facts of the case and the relationships between Mr. Rodarte and the persons arrested with him on April 17, 2008. As of this date, we do not have a clear understanding of the facts of this case or of the relationships involving those arrested by government agents on April 17, 2008 and charged or named in the Indictment in this case as witnesses. Our investigation is continuing and ongoing.

Unless and until defense investigation is complete, it will be impossible to adequately discharge our responsibilities as counsel with respect to the questioning of

---

[1]   We have sent all of the Spanish language video interviews for transcription and translation to Legal Language Services, Inc. in New York city and expect those translations in relatively short order. The defense will gladly share these translations with counsel for the government once the Attorney General has made the decision not to seek the death penalty in this case.

witness CGP.  We cannot adequately discharge our responsibilities as counsel until we have had a meaningful opportunity to investigate the facts of the case, the background of the witnesses, and the circumstances of their entry into the United States and their subsequent apprehension by government agents.  We are unprepared to meaningfully cross examine the material witness or otherwise go forward with a deposition of CGP until final trial strategy is set and certainly not at this time.

We cannot envision conducting a deposition of the material witness unless and until we have all of the necessary discovery, complete a thorough defense investigation, formulate a cohesive theory of the defense, and in essence, be fully prepared for a trial of the case.  In short, rather than conduct a deposition, we would rather try the case to a jury.

A video deposition used at trial will deny Mr. Rodarte the right to a fair trial.  I have previously tried a case in this district where a video deposition was used as evidence at trial and my conclusion is that procedure invariably results in a manifest failure of justice.  Trial theories inevitably change, just prior to trial as all of the evidence is available and witnesses are re-interviewed and prepared.  Theories and strategies often change even during the course of a trial.  Oftentimes, late discovery or last minute investigation suggests new lines of inquiry for the witness which is thwarted by the deposition procedure.  Finally, a deposition denies the jury the opportunity to meaningfully evaluate the demeanor of the witness including the important nuances of live, personal interaction in court.  From personal experience, using a deposition as a substitute for live witness testimony at trial, is manifestly unfair and will deny Mr. Rodarte due process of law and the effective assistance of trial counsel.

I have reviewed the points and authorities filed with this declaration.  All of the

facts alleged in that pleading are true and correct to the best of my knowledge and understanding.

I declare under the penalty of perjury that the forgoing is true and correct and that this declaration was executed on June 20, 2008 at San Diego, California.


*/s/ Mark F. Adams*
MARK F. ADAMS